**1**

Clarence JONES v. STATE. (No. 9509.) (Court of Criminal Appeals of Texas. June 3, 1925.) Appeal from District Court, Collin County; F. E. Wilcox, Judge. Floyd Harry, of Farmersville, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Collin county of selling intoxicating liquor, and' his punishment fixed at two years in the penitentiary. Appellant has filed an affidavit in due form, asking that he may withdraw his appeal in this case, and in response to his request the appeal is ordered dismissed.

---

**2**

John LOVAN v. STATE. (No. 9168.) (Court of Criminal Appeals of Texas. June 3, 1925.) Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge. D. A. Puckett, of Beaumont, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. The indictment contained a number of counts, but the only one submitted charged that defendant sold whisky to one Milsap. A conviction resulted, fixing the punishment at two years in the penitentiary. No complaint is made of the court's charge, nor of any proceeding during· the trial. The evidence is undisputed that Milsap, working with the officers, bought whisky from defendant. The latter admitted the sale. The judgment is affirmed.

---

**3**

R. McDOWELL v. STATE. (No. 9287.) (Court of Criminal Appeals of Texas. May 27, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Wm. B. Miller, of Dallas, for appellant. Shelby S. Cox, Dist. Atty., and G. G.` Pierson, Asst. Dist. Atty., both of Dallas, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction in criminal district court No. 2 of Dallas county for driving an automobile while intoxicated; punishment, 30 days in county jail. The record appears before us without any statement of facts or bills of exception. Several special charges appear, but same are free of notation showing facts necessary to call for their consideration, and their refusal is not complained of in separate bill of exceptions. No error appearing, the judgment will be affirmed.

---

**4**

Newt MILLER v. STATE. (No. 9238.)' (Court of Criminal Appeals of Texas. June 17, 1925.) Appeal from District Court, Mitchell County; W. P. Leslie, Judge. W. H. Garrett, of Colorado, Tex., for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant is under conviction for burglary, with punishment assessed at two years in the penitentiary. We find only one bill of exceptions in the record. It asserts that appellant was forced to trial without opportunity to secure an attorney. This was made a ground of his motion for new trial, and evidence upon the issue was heard and is brought forward in the bill. We think the testimony does not sustain his complaint, and no error was committed by the court in overruling his motion for new trial based upon this ground. On the night of September 18th the store of one Riordan was burglarized and eight pistols stolen, one being a German Luger. On Saturday defendant sold this pistol to Buchanan, who in turn sold it to Brant. One week later Brant, in company with Buchanan, went to Riordan's store to get ammunition for the pistol. Riordan recognized it, and identified it by number, after which Brant turned it over to the owner. Appellant claimed on the trial that he bought the pistol from one Bradshaw. This issue was submitted to the jury, who settled it in favor of the state. We see no reason to disturb the verdict. The judgment is affirmed.